# AMERICAN HOME LIFE INSURANCE COMPANY *v.* DRAKE.

LIFE INSURANCE; ASSESSMENT COMPANIES; STATUTES.

1. Sec. 646, D. C. Code, 31 Stat. at L. 1290, chap. 854), requiring the superintendent of insurance to keep on file copies of the charters of insurance companies doing business in this District, and providing that before such companies shall be licensed to do business they shall file with him copies of their charters; and sec. 647, requiring the "hereinbeforementioned" companies to make annual statements of their financial condition to the superintendent,—do not apply to domestic companies, but only to nonresident companies seeking to do business here.

2. Sec. 650, D. C. Code, requiring every insurance company and association doing business in the District of Columbia to make an annual statement to the superintendent of insurance of the net amount of its premium receipts, and imposing an annual tax of 1½ per cent upon such premium receipts, does not apply to domestic assessment companies, the receipts of which are from assessments levied against members for the purpose of paying benefits and defraying expenses.

No. 1765.  Submitted April 11, 1907.  Decided January 8, 1908.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, sustaining a demurrer to a bill for an injunction against the superintendent of Insurance of the District of Columbia. *Reversed.*

The facts are stated in the opinion of the Court.

*Mr. Henry E. Davis* for the appellants.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal [by the American Home Life Insurance
Company, of Washington, D. C., the Royal Life Insurance
Company, of Washington, D. C., and the Provident Relief As-
sociation, of Washington, D. C.] from a decree of the supreme
court of the District of Columbia sustaining a demurrer to
appellants' bill to restrain appellee, as superintendent of insur-
ance, from taking action against them under sec. 648 of the
Code [31 Stat. at L. 1290, chap. 854] for not complying with
the provisions of secs. 647 and 650 of the Code.

Each of the appellants is duly incorporated under the laws
of the District of Columbia for the purpose of transacting the
business of life, sick benefit, and accident insurance, and for
several years has been actually engaged "in such business, is-
suing to its members policies or certificates, agreeing to pay
benefits or sums of money to be realized by assessments levied
upon members, and not otherwise."

Appellee contends that the provisions of secs. 647 and 650
of the Code apply to appellants; while appellants contend
that the only provisions of the Code applicable to them are
found in sec. 653. The various sections involved are found in
subchapter 5, entitled "Insurance Companies."

Sec. 646 ordains that the superintendent of insurance shall
"keep on file in his office copies of the charters, declarations of
organization, or articles of incorporation of every insurance
company, benefit association or order * * * doing busi-
ness in the District," and that "before *any such* insurance com-
pany, association, or order *shall be licensed to do business in
the District* it shall file with said superintendent a copy of
its charter, declaration of organization, or articles of incorpora-
tion, duly certified in accordance with law by the insurance
commissioners or other proper officer of the State, Territory, or
nation where such company or association was organized. * *
* Said superintendent shall have power to make such rules
and regulations, subject to the general supervision of the com-
missioners, not inconsistent with law, as to make the conduct

of each company in the same line of insurance conform in doing business in the District." We think these provisions were intended to apply solely to companies organized without the District and seeking to do business within the District. If such companies are entitled to do business where organized and comply with local requirements, they may be licensed to do business here.

Sec. 647 reads as follows: "The said superintendent shall furnish, in December of each year, to every company or association hereinbefore mentioned, or its agent or attorney in the District, the necessary blank forms for the annual statements for such company or association, which shall be returned to the superintendent on or before the 1st day of March in each year, signed and sworn to by the president [or vice president] and secretary [or assistant secretary] or, if a foreign company, by its manager or proper representative within the United States, showing its true financial condition as of the next preceding 31st day of December, which shall include a detailed statement of its assets and liabilities on that day, the amount and character of business transacted, losses sustained, and money received and expended during the year, and such other information as the said superintendent may deem necessary. Such annual statements shall be printed in at least one newspaper published in the District of Columbia, in the month of March in each year; and any such company or association failing to comply with the provisions aforesaid shall have its license to do business in the District revoked."

The words, "to every company or association hereinbefore mentioned," refer to companies or associations mentioned in the preceding section, to which reference has been made, and clearly were intended to embrace only companies organized without the District and seeking to do business within the District.

Sec. 650 reads as follows: "Every insurance company and association doing business in the District of Columbia shall, through its local agents or representatives, furnish to the superintendent, during the month of January of each year, a state-

ment of its business in said District, setting forth specifically the net amount of its premium receipts, the amount of losses paid, the amount of expenses incurred, respecting the business done in the District during the calendar year next preceding, and said superintendent shall preserve a separate record of the same in his office for convenient reference, showing the ratio of such losses and expenses, respectively, to said premium receipts, 'and all insurance companies of every description, except mutual fire insurance companies, shall pay to the collector of taxes before March 1st of each year a sum equal to one and one-half per centum of said premium receipts of the last preceding calendar year, in lieu of all other taxes, except taxes upon real estate and any license fees provided for in sections six hundred and fifty-four and six hundred and fifty-five; and upon the failure of any company to pay said taxes before March 1st, as aforesaid, the license of said company shall be revoked and a penalty of eight per centum per month shall be charged against said company, which, together with said taxes, shall be collected before said company shall be allowed to resume business."

It will be noticed that sec. 647 embraces only the companies or associations theretofore mentioned, while sec. 650 embraces "every insurance company and association doing business in the District of Columbia." The purpose of the requirement in sec. 650, that a statement shall be furnished of the net amount of premium receipts, losses paid, and expenses incurred, is to provide a basis for taxation; and the section ordains that "all insurance companies of every description, except mutual fire insurance companies, shall pay to the collector of taxes before March 1st of each year a sum equal to one and one-half per centum of said premium receipts of the last preceding calendar year."

Sec. 651 requires the superintendent of insurance to make an annual report to the commissioners of the District.

Sec. 652 is entitled "Inquiries as to District Companies," and reads as follows: "It shall be the duty of the said superintendent of insurance to ascertain whether the capital required by law or the charter of each insurance company or association

organized under the laws of the District of Columbia has been actually paid up in cash and is held by its board of directors subject to their control, according to the provisions of their charter, or has been invested in property worth not less than the full amount of the capital stock required by its charter, or, if a mutual company, that it has received and is in actual possession of securities, as the case may be, to the full extent of the value required by its charter; and the president and secretary of such company or association shall make a declaration under oath to said superintendent, who is hereby empowered to administer oaths when hereby required, that the tangible assets exhibited to him represent bona fide the property of the company or association, which sworn declaration shall be filed and preserved in the office of said superintendent; and any such officer swearing falsely in regard to any of the provisions hereof shall be deemed guilty of perjury and shall be subject to all the penalties now prescribed by law in the District of Columbia for that crime."

Sec. 653 is entitled "Assessment Companies," and provides: "Insurance companies or associations transacting the business of life insurance on the assessment plan, organized under the laws of the District of Columbia or of any State of the United States, and doing business in said District, shall not be required to comply with the provisions of the next preceding section in regard to its assets; but such assessment companies or associations shall be required, as a condition of license to do business in said District, to file annually in the month of January with said superintendent a sworn statement setting forth that they are paying, and for the twelve months next preceding have paid, the maximum amount named in their policies or certificates of membership when and as the same become due and payable, and that one assessment upon their members is sufficient to pay the maximum amount for such certificate or policy issued, and such other information as he may require. Such assessment companies or associations shall also furnish said superintendent evidence that they hold an emergency or surplus fund as a guaranty for the payment of future death

claims, when the same is required by the charter or constitution of the company or association; and any such company or association licensed to do an insurance business, refusing or neglecting to furnish such certificate, shall have its license to do business in the District of Columbia revoked; but the provisions of this section shall apply only to associations transacting life insurance upon the assessment plan."

Sec. 646 imposes certain conditions upon companies organized without the District if they would be licensed to do business within the District. Sec. 652 requires the superintendent of insurance to carefully ascertain the condition of locally organized companies doing business within the District, but sec. 653 expressly provides that assessment companies shall be relieved from the requirement in sec. 652 in regard to assets. It will be observed that immediately following the clause of exemption in sec. 653 are found the conditions under which assessment companies may be licensed to do business within the District. They must file an annual statement that they are paying, and for the last year have paid, the maximum amount named in their policies, and that one "assessment upon their members is sufficient to pay the maximum amount for such certificate or policy issued," and such other information as the superintendent may require. That is, such other necessary information. It was not necessary to exempt assessment companies from the provisions of sec. 647, for the reason that sec. 647 was not intended to embrace, and does not embrace, locally organized companies.

It being clear that the provisions of sec. 647 apply to companies organized without the District and doing business within the District, and the provisions of sec. 652 embrace "District companies" except assessment companies, and that the provisions of sec. 653 embrace assessment companies, the question next to be considered is whether the provisions of sec. 650 relating to taxation apply to assessment companies. Mutual fire insurance companies are expressly exempted from the provisions of this section, and all other companies are required to pay 1½ per cent of "the net amount of their premium re-

ceipts." Are assessments levied and collected for the sole purpose of paying benefits and defraying actual expenses of the association to be deemed "net premium receipts" within the meaning of this section? We think not. These assessment associations or companies are not conducted for the purpose of gain, as are stock and mutual companies. In a stock company, of course, the capital is liable for the contracts of the company, and, if the enterprise be a profitable one, dividends are declared. In mutual companies the members are both the insurers and the insured, but the premiums exacted constitute the fund from which expenses and losses present and future are paid, and the residue, if any, represents the profits. It is to such companies, we think, that sec. 650 refers, and not to assessment companies organized solely for mutual protection. The clause in sec. 653 requiring assessment companies to satisfy the superintendent of insurance that "one assessment upon their members is sufficient to pay the maximum amount for such certificate or policy issued" indicates that assessments are here differentiated from net premiums. "Net premium," as here used, doubtless refers to that portion of the premium set aside to meet the present and future cost of insurance, and is calculated upon the basis of mortality tables.

In ordinary insurance contracts, the contracts embraced in sec. 650, the premiums paid become the property of the insurer. It is the consideration which induces the insurer to promise to pay the insured or his beneficiary the sum named in the contract or policy. Assessment companies, however, are quite differently conducted. Each member when he joins the association obligates himself to contribute towards the protection of every other member, the consideration being every other member's promise to contribute towards his protection. The arrangement and classification of these various companies in the Code, and the language used concerning each, convince us that Congress did not intend to subject assessment companies to the provisions of sec. 650.

The decree appealed from must be reversed, with costs, and the cause remanded to the Supreme Court of the District of

Columbia, with directions to take further proceedings not inconsistent with this opinion. And it is so ordered. *Reversed.*